IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TROY LAMONT BURRELL, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:16CV212–HEH
)
MR. T. DOSS, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Denying Motion for Reconsideration)

By Memorandum Order entered on October 13, 2016, the Court directed Troy Lamont Burrell to file a particularized complaint. By Memorandum Order entered on November 16, 2016, the Court denied Burrell's motion for appointment of counsel and instructed Burrell that he had eleven days to file his particularized complaint or else the Court would dismiss the action. Burrell failed to file a particularized complaint. Accordingly, by Memorandum Opinion and Order entered on December 23, 2016, the Court dismissed Burrell's 42 U.S.C. § 1983 action.

On January 11, 2017, Burrell filed a Notice of Appeal. In his Notice of Appeal, Burrell indicates that he "did send the particularized complaint as requested," but that he "sent it to the wrong Court." (ECF No. 31, at 2.) Burrell provides a letter from the United States Court of Appeals for the Fourth Circuit that indicates that he did indeed send his document titled, "the filing of an Particularized Complaint" ("Particularized Complaint"), to the Fourth Circuit and it was received by that court on December 6,

2016. (ECF No. 31-3, at 1; ECF No. 31-2, at 1.) The Court construes Burrell's Notice of Appeal as a motion requesting reconsideration pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 32), because it was filed within twenty-eight days of the December 23, 2016 Memorandum Opinion and Order. *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Although Burrell fails to identify on what ground he seeks relief, he apparently argues that Rule 59(e) relief should be granted to correct an error of law or to prevent manifest injustice. Despite the fact that Burrell mistakenly filed his Particularized Complaint with the wrong court, reopening the action would not prevent manifest injustice. Not only does Burrell's Particularized Complaint fail to correct the deficiencies identified in the October 13, 2016 Memorandum Order, it also wholly fails to comply with the Court's directives in that Memorandum Order.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Burrell's Particularized Complaint fails to satisfy that standard. As an initial matter, Burrell's Particularized Complaint is in the form of a letter addressed to the Clerk. (Part. Compl. 1–4, ECF No. 31-2.) Burrell identifies no Defendants, provides no caption, fails to identify how any defendant's conduct violated his constitutional rights, and has no prayer for relief. Instead of listing claims, Burrell recounts the factual allegations and procedural history of two other actions he has filed in this Court both which have been dismissed. Notably, Burrell's action that contained the underlying factual allegations he again recounts here was dismissed as frivolous. *See Burrell v. Anderson*, No. 3:15CV710, 2016 WL 5243397, at *1–4 (E.D. Va. Sept. 20, 2016) (finding no Eighth Amendment violation from observing an officer choke another inmate). Burrell's Particularized Complaint fails to satisfy general pleading requirements to make it past the screening stage under 28 U.S.C. § 1915(e)(2). *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (explaining that in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002))).

Thus, even if Burrell had timely filed his Particularized Complaint with this Court, he fails to show that reopening the action would prevent manifest injustice. Nor does Burrell demonstrate any other basis for granting Rule 59(e) relief. *See Williams v. Virginia*, 524 F. App'x 40, 41 (4th Cir. 2013) ("The reconsideration of a judgment after

entry is an extraordinary remedy which should be used sparingly." (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998))). Accordingly, Burrell's Rule 59(e) Motion (ECF No. 32) will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

                                                      /s/
Date: March 21, 2017        Henry E. Hudson
Richmond, Virginia         United States District Judge